TODD KIM
Assistant Attorney General
BRANDON N. ADKINS
Senior Trial Counsel
RACHEL D. MARTINEZ
Trial Attorney
Environment & Natural Resources Division
P.O. Box 7611
Washington, DC 20044
Phone: (202) 616-9174 (Adkins)
Phone: (202) 616-5589 (Martinez)

JASON M. FRIERSON
United States Attorney
District of Nevada
Nevada Bar No. 7709
LINDSAY AGER
Assistant United States Attorney
Nevada Bar No. 11985
501 Las Vegas Blvd. So., Suite 1100
Las Vegas, Nevada 89101
Phone: (702) 388-6336
Lindsay.Ager@usdoj.gov

*Attorneys for the United States*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

| | |
|---|---|
| SUNSET COMMERCIAL LLC,<br><br>         Plaintiff,<br><br>    v.<br><br>BAYER CROPSCIENCE, INC., et al.,<br><br>         Defendants. | Case No. 2:23-cv-02081-GMN-BNW<br><br>**CONSENT DECREE** |

This settlement agreement and Consent Decree is made by and between Plaintiff Sunset Commercial LLC ("Sunset"), Defendant United States of America ("United States"), and Defendant Atlantic Richfield Company ("Atlantic Richfield").

WHEREAS, on December 14, 2023, Sunset commenced the above-captioned civil action;

WHEREAS, on April 15, 2024, Sunset filed an Amended Complaint, which is the operative complaint at the time of this Consent Decree;

WHEREAS, Sunset asserts two claims against the United States, Atlantic Richfield, and other defendants under the Comprehensive Environmental Response, Compensation, and Liability Act ("CERCLA"), 42 U.S.C. §§ 9607(a), 9613(g)(2), to recover costs Sunset allegedly incurred in response to the release of Hazardous Substances at the Sunset Site, as defined herein, and seeking a declaration as to the liability of the United States, Atlantic Richfield, and other defendants for response costs or damages to be incurred in the future ("CERCLA Claims");

WHEREAS, Sunset also asserts pendent state law claims for private nuisance under Nev. Rev. Stat. § 40.140, trespass, strict liability for abnormally dangerous activities, and negligence against Atlantic Richfield and other defendants ("State Law Claims");

WHEREAS, if the United States or Atlantic Richfield are required to serve responsive pleadings, they may assert contribution claims under CERCLA section 113(f) against Sunset and one another and likely other defendants;

WHEREAS, Sunset alleges it has incurred more than $6 million in past response costs associated with the Sunset Site;

WHEREAS, Sunset, the United States, and Atlantic Richfield desire to enter into this Consent Decree to fully and finally resolve all claims that were, could have been, or hereafter could be asserted by Sunset against the United States or Atlantic Richfield, by Atlantic Richfield against the United States or Sunset, and by the United States against Atlantic Richfield or Sunset in connection with the Sunset Site and to avoid the complication, risks, and expense of further litigation of such claims;

WHEREAS, Sunset, the United States, and Atlantic Richfield enter into this Consent Decree as a final settlement and compromise of all claims and potential claims set forth herein;

WHEREAS, Sunset, the United States, and Atlantic Richfield enter into this Consent Decree without admitting any liability arising from occurrences or transactions pertaining to the Sunset Site; and

WHEREAS, Sunset, the United States, and Atlantic Richfield agree that this Consent Decree is fair, reasonable, consistent with CERCLA's purposes, and in the public interest.

NOW, THEREFORE, before taking of any testimony upon the pleadings, without further adjudication of any issue of fact or law, and upon consent of the Settling Parties, as defined herein, by their authorized representatives, it is hereby ORDERED, ADJUDGED, AND DECREED:

1. <u>Application of this Consent Decree</u>. This Consent Decree applies to, is binding upon, and inures to the benefit of the Settling Parties. This Consent Decree does not extend to or inure to the benefit of any party, person, or entity other than the Settling Parties, except as expressly provided herein, and nothing in this Consent Decree shall be construed to make any other person or entity not referenced in this Consent Decree a third-party beneficiary to this Consent Decree.

2. <u>Definitions</u>. Unless otherwise expressly provided herein, terms used in this Consent Decree that are defined in CERCLA or its implementing regulations shall have the meaning assigned to them in CERCLA or its implementing regulations. Whenever the terms listed below are used in this Consent Decree, the following definitions shall apply:

   a. "Action" means the above-captioned litigation.

   b. "Atlantic Richfield" means Atlantic Richfield Company, its corporate predecessors, parents, subsidiaries, designees, agents, attorneys, successors, and assigns.

   c. "CERCLA" means the Comprehensive Environmental Response, Compensation, and Liability Act of 1980, as amended, 42 U.S.C. §§ 9601–9675

   d. "Covered Matters" means any and all past, present, or future claims, demands, remedies, causes of action, suits, debts, liabilities, costs, fees, expenses, losses, and damages of whatever kind, whether known or unknown, accrued or unaccrued, fixed or contingent, whether arising under statute, under common law, by contract, or otherwise, that were, could have been, or hereafter could be asserted arising out of Sunset's Response Costs, Sunset's cleanup of the Sunset Site, or any alleged loss of use or other economic loss

or injury suffered by Sunset as a result of or relating to the release of pollutants and contamination at, on, under, or migrating from or onto the Sunset Site, except as otherwise provided in Paragraph 4(b).

  e. "Day" means a calendar day. In computing any period under this Consent Decree, where the last day would fall on a Saturday, Sunday, or Federal holiday, the period shall run until the close of business on the next day that is not a Saturday, Sunday, or Federal holiday.

  f. "Effective Date" means the date upon which the Court's approval and entry of this Consent Decree is recorded on its docket.

  g. "Federal Contract" means any prime contract, subcontract, or any other agreement transferring value between Sunset and any department, agency, or instrumentality of the United States, including but not limited to, contracts for goods or services, grants, and cooperative agreements. The term "Federal Contract" does not include this Consent Decree.

  h. "Hazardous Substance" has the meaning set forth in CERCLA, 42 U.S.C. § 9601(14). This definition includes any material determined by the United States or federal law to be a "hazardous substance" after the Effective Date.

  i. "Release" has the meaning set forth in CERCLA, 42 U.S.C. § 9601(22).

  j. "Response Costs" means all response costs, fees, expenses, or other amounts incurred or paid by Sunset relating to the removal and remediation of Hazardous Substances, hazardous waste, petroleum or petroleum products, or other pollutants or contamination at, on, or under, or migrating from or onto the Sunset Site, including Sunset's alleged necessary costs of response incurred consistent with the National Contingency Plan. This term includes, but is not limited to, all costs that Sunset sought to recover from the Settling Defendants, all costs that Sunset could have sought to recover from the Settling Defendants, and all costs for which Sunset sought a declaration on liability in connection with the Sunset Site in this Action.

k. "Settling Defendants" means the United States and Atlantic Richfield, each a "Settling Defendant."

l. "Settling Parties" means Sunset and the Settling Defendants, each a "Settling Party."

m. "Sunset" means Sunset Commercial LLC, a Nevada limited-liability company.

n. "Sunset Site" means the 32.64 parcel located at 347 West Sunset Road, Henderson, Nevada, as identified and described in the Amended Complaint.

o. "Third-Party Reimbursement" means any payment of, or consideration for, Response Costs that Sunset receives from any person or entity, including but not limited to, direct payments, insurance or contract recoveries, the discharge of any debt or obligation, or the satisfaction of any claims, causes of action, suits, or demands of any kind whatsoever in law or in equity. Third-Party Reimbursement shall not include money being paid by the Settling Defendants pursuant to Paragraph 7 of this Consent Decree.

p. "United States" means the United States of America and all its agencies, departments, and instrumentalities, their officers, directors, and employees acting in their capacity as such, and any predecessors, successors, and assigns.

3. <u>Representations and Certifications by Sunset</u>.

a. Sunset, through its current officers as of the Effective Date, represents, warrants, and certifies : (1) that Sunset has not recovered and will not seek to recover any Response Costs under any Federal Contract; (2) Sunset has not, and shall not, assign, convey, or transfer any rights to recovery, claims for Response Costs, or damages with respect to the Sunset Site, or any part of such claims, to any person or entity who is not a party to this Consent Decree; and (3) Sunset has not, and shall not, collect or in the future seek or collect any Third-Party Reimbursement of the Settling Defendants' payments provided for in Paragraph 7.

    b. Sunset's representations, warranties, and certifications are central to the Settling Defendants' agreement to make the payments provided for in this Consent Decree, and the Settling Defendants reserve all rights against Sunset for the breach of the certifications and representations in Paragraph 3(a). For the avoidance of doubt, and except as otherwise provided in Paragraph 4(d), nothing in this Consent Decree shall preclude Sunset or the Settling Defendants from recovering from any person or entity who is not a party to this Consent Decree any response costs or damages not included within the Covered Matters.

  4. <u>Releases, Covenants Not to Sue, and Reservations</u>.

    a. Upon the Effective Date, each Settling Party hereby forever releases, discharges, and covenants and agrees not to assert (by way of the commencement of an action, the joinder of any Settling Party in an existing action, or in any other fashion) any and all claims, causes of action, suits, or demands of any kind whatsoever in law or in equity which any such Settling Party may have had, or hereafter may have, including, but not limited to the Action or any other claims under CERCLA sections 107, 112, or 113, Nev. Rev. Stat. § 40.140, or common law, against any other Settling Party for the Covered Matters. With respect to Sunset, this release and covenant not to sue shall be binding upon and inure to the benefit of each of its manager(s) and member(s).

    b. Notwithstanding Paragraph 4(a) or any other provision in this Consent Decree, the United States does not release and specifically reserves its right to assert against Sunset and Atlantic Richfield, or any other individual or entity, any claims or actions regarding the Sunset Site that may be brought on behalf of the United States Environmental Protection Agency or a federal natural resource trustee. Nothing in this Consent Decree shall constitute or be construed as a waiver, limitation, or release of any claims or causes of action by the United States to enforce any federal laws or regulations in connection with the Sunset Site.

6

c. Notwithstanding Paragraph 4(a) or any other provision in this Consent Decree, each Settling Party does not release and specifically reserves its rights to enforce and assert claims for breach of this Consent Decree.

d. Except as otherwise provided in Paragraph 4(b), Settling Defendants agree not to assert any claims and to waive all claims or causes of action (including but not limited to claims or causes of action under Section 107(a) or 113 of CERCLA) that they may have for any portion of the payments required under Paragraphs 7(a) and 7(b) against each other or any other person who is a potentially responsible party under CERCLA at the Sunset Site. This waiver shall not apply with respect to any defense, claim, or cause of action that a Settling Defendant may have against any person if such person asserts a claim or cause of action relating to the Sunset Site against such Settling Defendant. This waiver also shall not apply to any claim to enforce this Consent Decree, including, without limitation, a claim by either Settling Defendant against Sunset seeking indemnification pursuant to Paragraph 5.

5. <u>Indemnification by Sunset</u>. Sunset agrees to defend (through counsel of Sunset's choosing with respect to a claim brought against Atlantic Richfield), indemnify, save, and hold harmless the Settling Defendants from any and all contribution claims brought or issued by any person or entity who is not a party to this Consent Decree under CERCLA, Nev. Rev. Stat. § 17.225, or any other law, including future changes to the law, relating to or arising out of the Covered Matters ("Indemnifiable Claims"). If an Indemnifiable Claim is brought against Atlantic Richfield, Sunset and Atlantic Richfield shall have the right to approve any settlement thereof, which approval shall not be unreasonably withheld. If an Indemnifiable Claim is brought against the United States, the United States agrees not to settle any such claim without first notifying Sunset of the United States' intent to settle and providing Sunset with a reasonable opportunity to discuss any proposed settlement with the United States.

6. <u>Protection Against Claims</u>.

a. The Settling Parties acknowledge and agree that the payments to be made by the Settling Defendants and the releases and covenants not to sue given by each of the Settling Parties pursuant to this Consent Decree represent a good faith compromise of disputed claims held by the Settling Parties and that the compromise represents a fair, reasonable, and equitable discharge of the Covered Matters addressed in this Consent Decree.

b. Regarding any claims for costs, damages, or other claims against the Settling Defendants for the Covered Matters under or addressed in this Consent Decree, the Settling Defendants are entitled to, as of the Effective Date and provided that the Settling Defendants make the payments to Sunset pursuant to Paragraph 7 of this Consent Decree, contribution protection pursuant to section 113(f) of CERCLA, 42 U.S.C. § 9613(f), the Uniform Comparative Fault Act, Nev. Rev. Stat. § 17.245.1(b), and any other applicable provision of federal or state law, whether by statute or common law, extinguishing the Settling Defendants' liability to any person or entity who is not party to this Consent Decree. Except as specifically provided herein, each Settling Party reserves all rights to seek and obtain contribution, or otherwise recover costs or damages, from any person or entity who is not party to this Consent Decree, and any such rights are preserved.

c. The Settling Parties agree that this Consent Decree is intended to resolve the Settling Parties' liability to each other for the Covered Matters and grant protection from, and to bar any known or unknown, claims against the Settling Defendants for the Covered Matters to the fullest extent permitted by law. Sunset assumes and bears the risk if it is ultimately determined that the amounts paid pursuant to Paragraph 7 are less than any Settling Defendant's equitable share of Response Costs, damages, or both, alleged by Sunset. In the event of any such determination, the full amount of any under-payment shall be borne solely by Sunset. Nothing in this paragraph shall be construed to limit Sunset's rights to pursue cost recovery or contribution from any person or entity who is not party to this Consent Decree.

    7.    <u>Reimbursement of Response Costs to Sunset</u>.

        a.    Within 120 days after the Effective Date, the United States will pay $525,000.00 to Sunset. However, the United States' payment obligation in this Consent Decree shall be suspended in the event of any appeals from this approval until 120 days after entry of final judgment following any appeals.

        b.    Within 120 days after the Effective Date, Atlantic Richfield will pay $175,000.00 to Sunset. However, Atlantic Richfield's payment obligation in this Consent Decree shall be suspended in the event of any appeals from this approval until 120 days after entry of final judgment following any appeals.

        c.    Payments in Paragraphs 7(a) and 7(b) shall be made by Electronic Funds Transfer in accordance with payment information to be provided by Sunset to the Settling Defendants within 7 days after the Effective Date.

        d.    If any payments required to be made by Paragraph 7 are not made in accordance with the time allowed for herein, interest on the unpaid balance shall accrue from the date on which the payment was due at the rate specified for interest on investments of the Hazardous Substance Superfund established under subchapter A of chapter 98 of Title 26 of the United States Code.

        e.    Payment by the United States is subject to the availability of funds appropriated for such purpose. No provision of this Consent Decree shall be interpreted as or constitute a commitment or requirement that the United States obligate or pay funds in contravention of the Anti-Deficiency Act, 31 U.S.C. § 1341.

    8.    <u>Effect of Settlement and Entry of Judgment</u>.

        a.    This Consent Decree was negotiated and executed by the Settling Parties in good faith and at arm's length and is a fair and equitable compromise of claims, which were vigorously contested and are denied.

        b.    Concurrently with the Settling Parties' execution of this Consent Decree, Sunset shall move for approval and entry of this Consent Decree by the Court. The

Settling Parties agree to join in or support, as appropriate, such legal proceedings as necessary to secure the Court's approval and entry of this Consent Decree.

        c.      Upon the Effective Date, this Consent Decree shall constitute a final judgment among the Settling Parties with respect to all claims asserted in this litigation against the Settling Defendants and the Covered Matters.

        d.      Upon the Effective Date, all claims brought by Sunset against the Settling Defendants in this Action shall be dismissed with prejudice. Each of the Settling Parties shall bear its own litigation and administrative costs and expenses relating to the Action, including attorney's fees.

        e.      If for any reason the Court should decline to approve this Consent Decree in the form presented, this Consent Decree is voidable at the discretion of any of the Settling Parties, and the terms of this Consent Decree may not be used as evidence in any litigation or appeals between or against the Settling Parties.

    9.    <u>Retention of Jurisdiction</u>. This Court shall retain jurisdiction over both the subject matter of this Consent Decree and the Settling Parties for the duration of the performance of the terms and provisions of this Consent Decree for the purpose of enabling any Settling Party to apply to the Court consistent with this Consent Decree for such further order, direction, and relief as may be necessary or appropriate for the construction or modification of this Consent Decree, or to effectuate or enforce compliance with its terms, or to resolve any disputes arising under this Consent Decree.

    10.    <u>No Admission of Liability</u>. This Consent Decree, including any payments made pursuant to it and the negotiations and other communications related to it, is not and shall not be construed as an admission by the Settling Parties of any factual allegations made in this Action, an admission of liability, or an admission of any other kind or character whatsoever by the Settling Parties.

    11.    <u>No Use as Evidence</u>. This Consent Decree represents the compromise of disputed claims and nothing in this Consent Decree is intended to be, or shall be construed as, an admission or adjudication of any question of fact or law with respect to any liability

or responsibility for the Sunset Site. This Consent Decree shall not be admissible in any proceeding other than in an action brought by any of the Settling Parties to enforce this Consent Decree.

12. <u>Conflicts of Law</u>. This Consent Decree shall be governed and construed under the laws of the United States.

13. <u>Severability</u>. If any provision of this Consent Decree is deemed invalid or unenforceable, the balance of this Consent Decree shall remain in full force and effect.

14. <u>Headings</u>. Any paragraph headings or section titles to this Consent Decree are provided solely as a matter of convenience to the reader and shall not be construed to alter the meaning of any paragraph or provision of this Consent Decree.

15. <u>Integration Provision</u>. This Consent Decree constitutes the entire agreement between the Settling Parties with respect to matters covered herein. All prior discussions, drafts, and writings are specifically superseded by this Consent Decree and may not be used to vary or contest the terms of this Consent Decree.

16. <u>Joint Drafting</u>. This Consent Decree has been jointly negotiated and drafted. The language of this Consent Decree shall be construed according to its fair meaning and without regard to the role that any of the Settling Parties played in the preparation of this Consent Decree. Each of the Settling Parties has been advised by its own counsel in connection with this Action and this Consent Decree, and each of the Settling Parties agrees that it is not relying on any representations or omissions of the other Settling Parties in signing this Consent Decree, other than those representations contained within this Consent Decree.

17. <u>Representative Authority</u>. The individuals signing this Consent Decree below hereby certify that they are authorized to bind their respective party to this Consent Decree.

18. <u>Original Counterparts</u>. This Consent Decree may be signed in counterparts, and its validity shall not be challenged on that basis.

**IT IS SO ORDERED.**

Dated and entered this ⎯16⎯ day of ⎯⎯January⎯⎯ 2025.

⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯
GLORIA M. NAVARRO
United States District Judge

1  ON BEHALF OF PLAINTIFF SUNSET COMMERCIAL LLC

3  Dated: November 5, 2024

                                                 Manager: Main 1000, LLC by and through its managing member, David Emrani

7  Dated:

                                                 Manager: White Knight Land Acquisition #11, LLC by and through its managing member, Steve Byrne

1 | ON BEHALF OF PLAINTIFF SUNSET COMMERCIAL LLC

3 | Dated: _____

Manager: Main 1000, LLC by and through its managing member, David Emrani

7 | Dated: 11/05/2024

Manager: White Knight Land Acquisition #11, LLC by and through its managing member, Steve Byrne

FOR DEFENDANT UNITED STATES OF AMERICA

Dated: 11/4/24

TODD KIM
Assistant Attorney General
Environment & Natural Resources Division
United States Department of Justice

By: /s/ Brandon N. Adkins

BRANDON N. ADKINS
Senior Trial Counsel
RACHEL MARTINEZ
Trial Attorney
United States Department of Justice

Attorneys for Defendant United States

14

FOR DEFENDANT ATLANTIC RICHFIELD COMPANY

Dated: November 4, 2024

_____
PATRICIA GALLERY
President