# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| SUNSET COMMERCIAL LLC,<br><br>                    Plaintiff,<br><br>        vs.<br><br>BAYER CROPSCIENCE, INC, *et al.*,<br><br>                    Defendant. | Case No.: 2:23-cv-02081-GMN-BNW<br><br>**ORDER GRANTING MOTIONS TO CONFIRM GOOD FAITH SETTLEMENT AGREEMENT** |

Pending before the Court are four Motions to Confirm Good Faith Settlement Agreements: (1) the Joint Motion to Confirm Good Faith Settlement Agreement Between Sunset Commercial LLC, Bayer Cropscience, Inc., and Olin Corporation, (ECF No. 133); (2) the Joint Motion to Confirm Good Faith Settlement Agreement Between Sunset Commercial LLC and Titanium Metals Corporation (ECF No. 144); (3) the Joint Motion to Confirm Good Faith Settlement Agreement Between Sunset Commercial LLC and Le Petamone XXVII, Inc., as Trustee for the Nevada Environmental Response Trust, (ECF No. 145); and (4) the Joint Motion to Confirm Good Faith Settlement Agreement Between Sunset Commercial LLC and Montrose Chemical Corporation of California, (ECF No. 146).  Also pending before the Court are the Motion to Amend Answer to Amended Complaint, (ECF No. 130), filed by Defendant Montrose Chemical Corporation of California, the Motion for Leave to File a Document, (ECF No. 137), filed by Defendant Titanium Metals Corporation, and the Motion to Stay Case, (ECF No. 147), filed by Plaintiff Sunset Commercial LLC.[1]

None of the Defendants responded to any of the Joint Motions to Confirm Good Faith

---

[1] Because all Defendants have settled, the Motion to Amend Answer, Motion for Leave to File Document, and Motion to Stay Case are denied as moot.

1  Settlement, and the time to do so has passed. For the reasons explained below, the Court
2  **GRANTS** the Motions to Confirm Good Faith Settlement Agreements and **DENIES** all other
3  pending motions as moot.

4  I. **BACKGROUND**

5      Plaintiff Sunset Commercial LLC brought this action to recover response costs
6  associated with the removal of hazardous substances from a 32.63-acres parcel located at 347
7  West Sunset Road, Henderson, Nevada. (Joint Mot. Confirm Good Faith Settlement, ECF No.
8  144 2:5–7).  Sunset asserted two claims under the Comprehensive Environmental Response,
9  Compensation, and Liability Act ("CERCLA"), 42 U.S.C. §§ 9607(a), 9613(g)(2), against
10  seven defendants: Bayer Cropscience, Inc., Olin Corporation, Titanium Metals Corporation
11  ("TMC"), Le Petamone XXVII, Inc., as Trustee for the Nevada Environmental Response Trust
12  ("Petamone"), Montrose Chemical Corporation of California (collectively, the "Settling
13  Defendants"), Atlantic Richfield Company, ("Arco") and the United States of America
14  ("USA").  Sunset also asserted four state law claims against the Settling Defendants: private
15  nuisance, trespass, strict liability for abnormally dangerous activities, and negligence. (*Id.* 2:10-
16  –12).

17      Defendants USA and Arco each filed Motions to Dismiss, (ECF No. 64, ECF No. 65,
18  respectively), which Defendants Bayer, Olin, TMC, Petamone, and Montrose joined. (*See* ECF
19  Nos. 74, 79, 80, 83, 84).  This Court denied both Motions. (*See* Order Denying Mots. Dismiss,
20  ECF No. 113).  Thereafter, Sunset entered a Consent Decree with Defendants USA and Arco,
21  which this Court approved on January 16, 2025. (Order Granting Consent Decree, ECF No.
22  127).  This Court granted the parties' stipulation applying the Uniform Comparative Fault Act
23  ("UCFA") to that settlement between Sunset and Defendants Arco and USA. (*See* ECF No.
24  125).  The instant motions followed.

25

1    I.    **LEGAL STANDARD**

2        Under Nevada law, the determination of whether a settlement is in "good faith" under

3    Nevada Revised Statute ("NRS") 17.245 is "left to the discretion of the trial court based upon

4    all relevant facts available." *Velsicol Chem. Corp. v. Davidson*, 811 P.2d 561, 563 (Nev. 1991).

5    The factors discussed in *In re MGM Grand Hotel Fire Litig.*, 570 F. Supp. 913, 927 (D. Nev.

6    1983) may be among the relevant facts a court may choose to consider in the exercise of its

7    "considerable discretion." *The Doctors Co. v. Vincent*, 98 P.3d 681, 686–87 (Nev. 2004).  Such

8    factors include "the amount paid in settlement, the allocation of the settlement proceeds among

9    plaintiffs, the insurance policy limits of settling defendants, the financial condition of settling

10   defendants, and the existence of collusion, fraud or tortious conduct aimed to injure the

11   interests of non-settling defendants." *In re MGM*, 570 F. Supp. at 927.  However, Nevada law

12   includes no requirement that a court consider or limit its analysis to the *MGM* factors or hold a

13   hearing before making a determination of good faith. *Velsicol Chem. Corp.*, 811 P.2d at 563

14   (expressly declining to adopt the "California rule," contrary to the court's assumption in

15   *MGM*).

16       CERCLA is a federal statute giving the federal government "broad authority to require

17   responsible parties to clean up contaminated soil and groundwater." *AmeriPride Services, Inc.*

18   *v. Texas Eastern Overseas Inc.*, 782 F.3d 474, 479 (9th Cir. 2015) (citing *Key Tronic Corp. v.*

19   *United States*, 511 U.S. 809, 814 (1994)).  In addition to allowing private parties to sue for cost

20   recovery under § 9607(a), CERCLA authorizes parties who have incurred liability under §

21   9607(a) to bring an action for contribution under § 9613(f)(1) against any other potentially

22   responsible party. *AmeriPride*, 782 F.3d at 480.  When a statue does not provide an approach

23   for determining how to credit settlements with less than all the jointly and severally liable

24   tortfeasors, courts generally look to either the Uniform Contribution Among Tortfeasors Act

25   ("UCATA") or the UCFA. *See McDermott, Inc. v. AmClyde*, 511 U.S. 202, 208–09 & n.8, 217

(1994).  In the CERCLA context, a district court has discretion under § 9613(f)(1) to "allocate response costs among liable parties using such equitable factors as the court determines are appropriate." 42 U.S.C. § 9613(f)(1).  "CERCLA does not limit the equitable factors a court may consider." *AmeriPride*, 782 F.3d at 480.  A district court must exercise this discretion "in a matter consistent with § 9613(f)(1) and the purposes of CERCLA." *Id.* at 488.

The UCFA provides that when an injured party settles with one of multiple tortfeasors, the settlement does not discharge the non-settling tortfeasors but reduces the injured party's claims against them by the amount of the settling tortfeasors' proportionate share of the damages. *See id.* at 483, UCFA § 6.  In contrast, the UCATA approach does not discharge the non-settling tortfeasors but reduces the injured party's claims against them by the dollar value of the settlement. *See AmeriPride*, 782 F.3d at 484, UCATA (Revised) § 4(a).  Application of the UCFA contribution bar discharges not only claims made under federal law, but also related state claims. *See, e.g.*, *Acme Fill Corp. v. Althin CD Medical, Inc.*, 1995 WL 822664, at *8 (N.D. Cal. 1995).

## II.    DISCUSSION

Sunset has reached a settlement with all remaining defendants in this case. (*See* Bayer and Olin Settlement, ECF 134-1); (TMC Settlement, ECF No. 144-1); (Petamone Settlement, ECF No. 145-1); (Montrose Settlement, ECF No. 146-1) (collectively, the "Settlement Agreements").  Sunset and the Settling Defendants now ask this Court to confirm that the Settlement Agreements were entered into in good faith under NRS 17.245 and are fair, reasonable, and consistent with the purposes of CERCLA.  Additionally, the Settling Parties ask this Court to apply Section 6 of the UCFA to bar all federal, state, and common law claims against the Settling Defendants for contribution, indemnity, or other relief arising from a non-settling defendant's or other third-party's liability to Sunset, and to reduce the non-settling defendants' potential liability to Sunset by the equitable share of the Settling Defendant's

obligation to Sunset. (Joint Mots. Confirm Good Faith Settlement, ECF No. 133 3:5–13, ECF No. 144 3:19–26, ECF No. 145 3:25–4:4, ECF No. 146 3:19–26).

### A.  The Settlement Agreements are in Good Faith under NRS 17.245

In their Motions, the Settling Parties address each of the *MGM* factors. (*See generally* Joint Mots. Confirm Good Faith Settlement Agreement).  The Parties have reached an agreement for each Settling Defendant to pay Sunset for its portion of Sunset's remediation costs, and Sunset has in return agreed to dismiss its CERCLA and state law claims. (*See* Joint Mots. Confirm Good Faith Settlement Agreement, ECF No. 133 11:21–22, ECF No. 144 5:2–4, ECF No. 145 5:8–10, ECF No. 146 5:1–3).  Because Sunset is the only plaintiff in this action, there are no concerns regarding the allocation of settlement proceedings amongst plaintiffs. Finally, the parties assert that the settlement amounts are reasonable, that settlement negotiations were conducted at an arm's length and in good faith, and that the negotiations were not the result of collusion, fraud, or tortious conduct aimed at injuring the interests of the non-settling defendants. (Joint Mots. Confirm Good Faith Settlement Agreement, ECF No. 133 11:23–26, ECF No. 144 5:5–8, ECF No. 145 5:11–14, ECF No. 146 5:4–7).  Noting again that no party opposed any of the Joint Motions, the Court finds that the Settlement Agreements were made in good faith pursuant to NRS 17.245.

### B.  CERCLA

The Ninth Circuit has explained that CERCLA has two primary goals: "(1) to ensure the prompt and effective cleanup of waste disposal sites, and (2) to assure that parties responsible for hazardous substances [bear] the cost of remedying the conditions they created." *Chubb Customs Inc. Co. v. Space Systems/Loral, Inc.*, 710 F.3d 946, 968 (9th Cir. 2013) (citing *City of Los Angeles v. San Pedro Boat Works*, 635 F.3d 440, 447 (9th Cir. 2011)).  The Parties assert that timely cleanup efforts are promoted by approving these Settlement Agreements with contribution protection because Sunset will receive contribution towards its response costs

1  without having to proceed with lengthy and expensive litigation. (*See* Joint Mots. to Confirm

2  Good Faith Settlement, ECF No. 133 8:9–12, ECF No. 144 5:14–17, ECF No. 145 5:20–23,

3  ECF No. 146 5:13–16).  The Court agrees that the Settlement Agreements are consistent with

4  the purposes of CERCLA.

5              **C.  Application of the UCFA**

6              The Settling Parties agree that this Court should adopt the UCFA proportionate share

7  approach; indeed, the assent of each Settling Defendant to each of the Joint Motions to Confirm

8  Good Faith Settlement Agreement is contingent on their receipt of contribution protection

9  under the UCFA approach. (*See* Joint Mots. Confirm Good Faith Settlement Agreement, ECF

10 No. 133 3:25–28, ECF No. 144 3:14–17, ECF No. 145 3:14–18, ECF No. 146 3:14–17); (*see*

11 *also* Edgcomb Decl. 2:14–18, ECF No. 134); (Agnell Decl. 2:15–17, ECF No. 144-2); (Agnell

12 Decl. 2:14–17, ECF No. 145-2); (Agnell Decl. 2:16–18, ECF No. 146-2).

13             The Court finds that the UCFA approach is consistent with the purposes of CERCLA

14 and § 9613(f)(1), and thus agrees that it should be applied to Sunset's claims.  First, the Ninth

15 Circuit has "generally favored the UCFA proportionate share approach when construing federal

16 statutes that authorize contribution but are silent regarding how liability should be allocated."

17 *AmeriPride*, 782 F.3d at 484-85; *see also Adobe Lumber, Inc. v. Hellman*, 2009 WL 256553 at

18 *3 (E.D. Cal. 2009) ("[D]istrict judges in the Ninth Circuit … appear to uniformly employ the

19 proportionate share approach" when construing CERCLA.).  Second, courts in this Circuit have

20 found the UCFA approach to further the purposes of CERCLA because it: "(1) provides for

21 equitable apportionment of responsibility; (2) furthers settlement because no precise dollar

22 amount need be determined upon settlement; (3) eliminates the need for a good faith hearing;

23 and (4) prevents culpable settlors from escaping liability." *Lewis v. Russell*, 2012 WL 5471824,

24 at *4 (E.D. Cal. 2012).  Finally, the Court finds that adopting the UCFA approach here would

25

not be unfair to any non-settling defendants.[2]  Under the UCFA approach, a settlement "reduces the injured party's claims against [non-settling defendants] by the amount of the settling tortfeasor's share of the damages." *AmeriPride*, 782 F.3d at 483.  Thus, the party which bears the risk of an inadequate partial settlement is Sunset, not any non-settling defendants.  For these reasons, the Court applies the UFCA to Sunset's claims against the Settling Defendants.

After considering the *MGM* factors, the purposes of CERCLA, and the UCFA approach, the Court finds that the Settlement Agreements are fair, reasonable, and consistent with the purposes of CERCLA, and are in good faith pursuant to NRS 17.245.  The Court also applies Section 6 of the UCFA to (1) bar all federal, state, and common law claims against the Settling Defendants for contribution, indemnity, or other relief arising from a non-settling defendant's or other third party's liability to Sunset; and (2) reduce the non-settling defendants' potential liability to Sunset by the equitable share of the Settling Defendants' obligation to Sunset.

## III.   **CONCLUSION**

Accordingly, **IT IS HEREBY ORDERED** that the Joint Motions to Confirm Good Faith Settlement Agreement, (ECF Nos. 133, 144, 145, 146), are **GRANTED**.  The Court finds:

1.   The Settlement Agreements are fair, reasonable, and consistent with the purposes of CERCLA, and are in good faith pursuant to NRS 17.245; and

2.   Section 6 of the UCFA is applied to:

     a.   bar all federal, state, and common law claims against the Settling Defendants for contribution, indemnity, or other relief arising from a non-settling

---

[2] Sunset has reached a settlement with all defendants in this case, and there are no remaining non-settling defendants. (Joint Mot. to Confirm Good Faith Settlement Agreement, ECF No. 144 2:16).  The Settling Parties nevertheless ask the Court to reduce non-settling defendants' potential liability to Sunset.  In the interest of ensuring that the reduction in potential liability applies to any potential other defendants, the Court grants the parties' request despite the fact that it appears Sunset has reached a settlement with all defendants at this time.

defendant's or other third party's liability to Sunset; and

b.  reduce the non-settling defendants' potential liability to Sunset by the equitable share of the Settling Defendants' obligation to Sunset.

**IT IS FURTHER ORDERED** that the Motion to Amend Answer to Amended Complaint, (ECF No. 130), the Motion for Leave to File a Document, (ECF No. 137), and the Motion to Stay Case, (ECF No. 147), are **DENIED** as moot. **IT IS FURTHER ORDERED** that the Settling Parties must file dismissal documents no later than November 28, 2025.

Dated this __3__ day of November, 2025.

_____
Gloria M. Navarro, District Judge
United States District Court